UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>JOSE PANIAGUA-ALCANTE,<br>a/k/a Jose Paniagua Alcaute,<br><br>          Defendant. | NO. 1:15-cr-02020-SAB<br><br>**ORDER RE DEFENDANT'S<br>28 U.S.C. § 2255 MOTION** |

Before the Court is Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255. ECF No. 33. This motion was heard without oral argument and the Court did not order service on the United States pursuant to 28 U.S.C. 2255(b) because "the files and the records of the case conclusively show" that Defendant is not entitled to relief.

On April 29, 2015, this Court accepted Defendant's guilty plea to Count 1 of the Indictment, filed March 10, 2015, charging him with being an Alien in U.S. After Deportation in violation of 8 U.S.C. § 1326. The Court found the plea was voluntary and not induced by fear, coercion, or ignorance. On April 30, 2015, the Court sentenced Defendant to twenty-four months incarceration and three years of supervised release. This sentence was agreed upon by the United States and Defendant in a Rule 11(c)(1)(C) plea agreement. ECF No. 29. The Court denies this motion for several reasons.

**ORDER RE DEFENDANT'S 28 U.S.C. § 2255 MOTION** # 1

First, as part of the plea agreement, Defendant explicitly waived his right to appeal—including any § 2255 motion except one based on ineffective assistance of counsel based on information not known by the Defendant. ¶ 15. Although the Defendant does assert ineffective assistance of counsel in his motion, he simply states his counsel was ineffective "in failing to raise this very issue." As explained below, this issue was considered by the Court, and was discussed by his Counsel, at sentencing. Additionally, even if Counsel had not raised the issue at sentencing, the information would have been readily available to Defendant at the time he entered into the plea agreement and, therefore, this motion would be improper under the terms of the agreement

Second, Defendant's motion is not compelling on its merits. Defendant argues that, as a deportable alien, he will not be eligible for certain benefits under 18 U.S.C. § 3624(c), namely, spending the last few months of his sentence in a community correctional facility or under home confinement. Because non-deportable aliens may be eligible for these benefits, Defendant argues a downward departure is appropriate to avoid unwarranted sentencing disparities with similarly situated defendants who are not deportable aliens. This is a challenge to the collateral consequences of being a deportable alien and not an argument the sentence was imposed in contradiction to the laws or constitution of the United States. *See* § 2255. As such, this argument is one that should have been made during the sentencing hearing and is inappropriate under § 2255.

Third, Defendant's argument that a similarly situated non-deportable alien would have been sentenced differently is peculiar and unpersuasive. Defendant pleaded guilty to being an alien in the United States after deportation. The applicable sentencing guideline range the Court considered prior to sentencing Defendant was calculated from the base offensive level of that charge. Defendant's argument that a United States citizen charged with the same crime

**ORDER RE DEFENDANT'S 28 U.S.C. § 2255 MOTION** # 2

would enjoy the benefits of § 3624(c) is unsound because a United States citizen is not subject to being an alien in the United States after deportation. There is no similarly situated U.S. citizen to compare Defendant's sentence to.

Last, the Court, the United States, and defense counsel were all aware of Defendant's status as a deportable alien at the time of sentencing. The Court imposed the twenty-four month sentence with the full knowledge that Defendant may not be eligible to the benefits of § 3624(c). The Court considered the applicable guideline range, the arguments from both parties, and the signed Rule 11(c)(1)(C) agreement before sentencing Defendant to the agreed-upon below-guideline term of imprisonment. Accordingly, Defendant's motion to correct sentence is denied.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 33, is **DENIED**.

The District Court Clerk is hereby directed to enter this order and provide copies to counsel and the Defendant.

**DATED** this 4th day of January 2016.



_____
Stanley A. Bastian
United States District Judge

**ORDER RE DEFENDANT'S 28 U.S.C. § 2255 MOTION** # 3